UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANN J., on behalf of DAVID J.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-00374-JPH-MG |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ORDER REVERSING AND REMANDING THE ALJ's DECISION**

Plaintiff, Ann J., on behalf of her deceased husband, Claimant David J., seeks judicial review of the Social Security Administration's decision denying David J.'s petition for Disability Insurance Benefits. Dkt. 1. Magistrate Judge Mario Garcia issued a Report and Recommendation that the Court partially reverse and remand the ALJ's decision. Dkt. 21. For the reasons below, the Court **OVERRULES** the Commissioner's objection to the Report and Recommendation, dkt. 23, and **ADOPTS** the report and recommendation. Dkt. [21]. The ALJ's decision is **REVERSED in part and REMANDED**.

---

[1] Ann J. was substituted for her deceased husband in an order also docketed today. To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

1

# I.
# Facts and Background

The Court adopts the Magistrate Judge's uncontested recitation of the factual and procedural background:

> David J. was 47 years old on the date of his alleged onset of disability. [Filing No. 13-3 at 2, 15.] He has received a GED, and previously worked a forklift operator. [Filing No. 13-3 at 32.] David J.'s application alleges that he can no longer work because of blackout spells, loss of consciousness, high blood pressure, COPD, asthma, and muscle cramps. [Filing No. 13-3 at 3, 15.]
>
> The ALJ followed the five-step sequential evaluation set forth in 20 C.F.R. § 404.1520(a)(4) and concluded that David J. was not disabled. [Filing No. 13-2 at 27.] Specifically, the ALJ found as follows:
>
> > • At Step One, David J. has not engaged in substantial gainful activity since March 13, 2018, the alleged onset date. [Filing No. 13-2 at 18.]
> >
> > • At Step Two, David J. "has the following severe impairments: seizure disorder; peripheral neuropathy in the bilateral lower extremities; chronic obstructive pulmonary disease (COPD); emphysema syncope alcohol use disorder; major depressive disorder (MDD); mood disorder; and anxiety." [Filing No. 13-2 at 18-19.]
> >
> > • At Step Three, David J. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. As to the "paragraph B" criteria for Listings 12.02 and 12.04, the ALJ found that David J. had "moderate" limitations in three areas: (1) interacting with others, (2) concentrating, persisting, or maintaining pace ("CPP"), and (3) adapting or managing oneself; and "mild" limitations in one area: understanding, remembering or applying information. [Filing No. 13-2 at 20-21.]
> >
> > • After Step Three but before Step Four, David J. had the RFC "to perform light work as defined in 20 CFR 404.1567(b) except the claimant can never climb ladders, ropes, or scaffolds, and occasionally perform all other postural maneuvers, including climbing ramps or

>stairs, balancing, stooping, kneeling, crouching, and crawling; should have no more than occasional exposure to extremes of heat and cold, humidity, excessive vibration, excessive noise, and environmental irritants and poorly ventilated areas; should avoid all use of hazardous moving machinery, and all exposure to unprotected heights; can occasionally reach overhead; can perform no job where driving is required to perform the functions of the job; is limited to simple routine, repetitive tasks, meaning short cycle work, where the same routine tasks are performed over and over again according to set procedures, sequence, or pace, with little opportunity for diversion or interruption; should have no complex written or verbal communications and no complex decision-making; can perform no tandem tasks or team work; can perform no fast-paced or assembly-line-type production requirements; can manage no more than occasional, routine workplace changes; can have occasional, brief, superficial interaction with co-workers, supervisors, and the general public; can tolerate normal supervisory interactions, including performance appraisals, corrections actions, instructions, and directives as necessary; can tolerate interactions to receive instructions, and for task completion of simple, routine, repetitive work; can exercise judgment in making work-related decisions commensurate with simple, routine, repetitive work; can have no exposure to flames or large bodies of water; can frequently reach forward, reach to the side, push, pull, handle, finger, and feel; and can never operate foot controls." [Filing No. 13-2 at 21-22.]
>
>• At Step Four, relying on the testimony of the vocational expert ("VE") and considering David J.'s RFC, the ALJ determined David J. was not capable of performing any past relevant work. [Filing No. 13-2 at 27]
>
>• At Step Five, relying on the VE's testimony and considering David J.'s age, education, work experience, and RFC, the ALJ determined there are jobs that exist in significant numbers in the national economy that the claimant can perform. [Filing No. 13-2 at 27-28.]

Dkt. 21 at 4–6 (footnotes omitted).

## II.
## The Report and Recommendation

Magistrate Judge Garcia addressed Plaintiff's arguments that the ALJ erred: "(1) by failing to consider whether his migraine headaches met or equaled an impairment at Step Two; (2) by omitting consideration of migraine headaches on absenteeism and time off task in the RFC determination; (3) by failing to discuss leg elevation as part of the RFC determination; and (4) by adding a limitation in the RFC that was not included in the hypotheticals to the VE." Dkt. 21 at 6 (citing dkt. 15 at 4).

For the first and second issues, he found that the "ALJ failed to build a logical bridge" between the evidence and the decision by "fail[ing] to sufficiently address and confront evidence of David J.'s headaches in formulating the RFC." *Id.* at 9–10. But he found no error on the third and fourth issues—the discussion of leg elevation and adding a limitation that was not addressed to the VE. *Id.* at 10–12. Magistrate Judge Garcia then recommended reversing and remanding "so that the ALJ can fully consider the evidence of time off task and absenteeism limitations posed by David J.'s migraine headaches and so that the ALJ can fully articulate findings regarding the same." *Id.* at 10.

Plaintiff did not respond to the report and recommendation, so the Court **ADOPTS** Magistrate Judge Garcia's finding that there was no error on the third and fourth issues. The Commissioner objected, *see* Fed. R. Civ. P. 72(b)(2), arguing that "the ALJ . . . acted properly in analyzing Plaintiff's headaches" in determining his RFC. Dkt. 23.

4

## III.
## Applicable Law

Objections to a recommended decision are reviewed *de novo.* Fed. R. Civ. P. 72(b)(3). The Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

"The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1151 (2019). When an applicant seeks judicial review of a benefits denial, the Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence supports the ALJ's decision. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018).

The ALJ must apply the five-step inquiry set forth in 20 C.F.R. § 404.1520(a)(4)(i)–(v), evaluating in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform her past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000). "If a claimant satisfies steps one, two, and three, she will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then she must satisfy step four." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995). After Step Three, but before Step Four, the ALJ must determine a claimant's RFC by evaluating "all limitations that arise from medically determinable impairments, even those

that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). The ALJ uses the RFC at Step Four to determine whether the claimant can perform her own past relevant work and, if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 404.1520(e),(g).

If the ALJ committed no legal error and substantial evidence supports the ALJ's decision, the Court must affirm the benefit denial. *Stephens*, 888 F.3d at 327. When an ALJ's decision does not apply the correct legal standard or is not supported by substantial evidence, a remand for further proceedings is typically appropriate. *See Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021).

## IV.
## Analysis

Magistrate Judge Garcia found that "the ALJ failed to sufficiently address and confront evidence of David J.'s headaches in formulating the RFC." Dkt. 21 at 9. Thus remand was necessary so that "the ALJ can fully consider the evidence of time off task and absenteeism limitations posed by David J.'s migraine headaches and so that the ALJ can fully articulate findings regarding the same." *Id.* at 10. The Commissioner argues that the ALJ properly analyzed David J.'s headaches for five reasons. Dkt. 23.

### A. Adequacy of Allegation of Headache-Related Issues

The Commissioner objects that "neither Plaintiff nor his counsel informed the ALJ of their allegation that headaches would impose disabling off task behavior or absences." Dkt. 23 at 2. She argues that David J. failed to allege

6

those limitations at his hearing before the ALJ and did not mention headaches when asked to describe a typical day. Dkt. 23 at 1; *see* dkt. 13-2 at 37–59.

While headaches do not always impose task or absence limitations, *see* SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996), the ALJ was aware of David J.'s "history of headaches" that "last[] four-to-six hours," dkt. 13-2 at 22–23. And there was evidence that David J. "cannot do chores, drive, concentrate, follow instructions, or think when he has a headache . . . and must rest before resuming normal activities." Dkt. 13-6 at 49. But the ALJ did not address this evidence, as she was required to do. 20 C.F.R. § 404.1529(a) (stating that, in making a disability determination, the Administration "consider[s] all of the available evidence," including "medical history," "laboratory findings," and statements about the effect of symptoms). Of course, David J.'s failure to mention headaches in a "typical day," *see* dkt. 13-2 at 59, may be relevant to the ALJ's determination about the appropriate limitations. But that determination is left to the ALJ. *See Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018).

### B. Durational Requirement

The Commissioner argues that any error in the ALJ's consideration of whether David J.'s headaches would have forced him off-task was harmless because his headaches do not meet the relevant durational requirement. Dkt. 23 at 2.

To be found disabled, an individual must be unable to engage in any substantial gainful activity (SGA) by reason of a medically determinable

7

physical . . . impairment(s) which . . . has lasted or can be expected to last for a continuous period of at least 12 months." SSR 82-52, 1982 WL 31376, at *1 (1982). "All cases denied on the basis of insufficient duration must state clearly in the denial rationale" that "within 12 months of onset, there was or is expected to be sufficient restoration of function." SSR 82-52, at *3. The ALJ here did not do so. *See* dkt. 13-2 at 37–59. Ruling for the first time on judicial review that David J.'s headaches fell short of the 12-month test would be "defend[ing] the agency's decision on grounds that the agency itself did not embrace" in violation of the *Chenery* doctrine. *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 87–88 (1943)).

### C. Findings of the State-Agency Reviewing Physician

The Commissioner argues that "the ALJ's reliance on Dr. Whitley's findings alone constituted substantial evidence supporting his conclusions that Plaintiff's headaches imposed environmental restrictions but no other." Dkt. 23-3 at 3.

In her RFC analysis, the ALJ determined that David J. should have "no more than occasional exposure to . . . excessive vibration [and] excessive noise." Dkt. 13-2 at 21. This conclusion aligned with that of the state-agency reviewing physician, Dr. B. Whitley, M.D., who determined that David J. should "avoid concentrated exposure" to those elements, at least in part due to his headaches. Dkt. 13-3 at 27–28. But Dr. Whitley never determined—one way or the other—whether David J.'s headaches would pose off-task or absence-related restrictions. *See* dkt. 13-3 at 26–30.

8

Therefore, Dr. Whitley's report could not alone constitute substantial evidence that David J.'s headaches did not impose off-task or absence-related restrictions.

### D. Hypotheticals Posed to the Vocational Expert

The Commissioner argues that the ALJ's decision should be affirmed because she was not required to discuss the VE's testimony because her RFC analysis did not include off-task and absence findings. Dkt. 23 at 3.

At the hearing, the vocational expert (VE) testified that "off task [behavior] in excess of ten percent of the production period" and absences in excess of one day per month "would exceed [employers'] acceptable threshold." Dkt. 13-2 at 66. The ALJ did not discuss that testimony. *Id.* at 21–27.

The Commissioner's argument is unresponsive to any of the Magistrate Judge's findings or Plaintiff's arguments, *see* dkts. 15, 23, and cannot support affirmance because the ALJ's error—with regard to David J.'s absence and off-task restrictions—is unrelated to her evaluation of VE testimony.

### E. Plaintiff's Burden

The Commissioner argues that "Plaintiff did not carry his burden to prove he had greater functional loss beyond what the ALJ found" because he didn't identify any medical evidence corroborating his alleged limitations. Dkt. 23 at 4 (citing *Gedatus v. Saul*, 994 F.3d 893, 905 (7th Cir. 2021)).

While "statements about . . . pain or other symptoms will not alone establish" disability, 20 C.F.R. § 404.1529(a), when there is some level of medical verification, it is the ALJ's role to weigh the evidence, *see Stephens,*

9

888 F.3d at 327. Here, at least some medical evidence could show limitations beyond what the ALJ found. In addition to his self-reported headache symptoms, dkt. 13-6 at 48–51, David J. provided medical reports evaluating his headache-related concerns, *see, e.g.*, dkt. 13-7 at 4–5; dkt. 13-8 at 60, 66. The ALJ should be the one to "build an accurate and logical bridge between the evidence and the result." *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996).

\* \* \*

In sum, none of the Commissioner's arguments show that the Magistrate Judge's Report and Recommendation was incorrect in finding that "the ALJ failed to sufficiently address and confront evidence of David J.'s headaches in formulating the RFC." Dkt. 21 at 9.

## V.
## Conclusion

The Commissioner's objection, dkt. 23, is **OVERRULED**, and Magistrate Judge Garcia's Report and Recommendation is **ADOPTED**. Dkt. [21]. The Court **REVERSES in part** the ALJ's decision and **REMANDS** the matter for further proceedings under sentence four of 42 U.S.C. § 405(g). Final judgment will issue by separate entry.

**SO ORDERED.**

Date: 9/30/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Jane Kuczek
Social Security Administration
jane.kuczek@ssa.gov

Alison T. Schwartz
SOCIAL SECURITY ADMINISTRATION
alison.schwartz@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov

Kirsten Elaine Wold
Hankey Law Office
kwold@hankeylaw.com